IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 23-01153 |
| | ) | |
| Jason J. Barth | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | Judge:  Timothy A. Barnes |

**DEBTOR'S REPLY TO TD BANK, N.A.'S RESPONSE**
**TO DEBTOR'S AMENDED OBJECTION TO CLAIM 3-2**

NOW COMES the Debtor, Jason J. Barth, by and through his attorneys, Cutler & Associates, and for his Reply to TD Bank, N.A.'s Response to Debtor's Amended Objection to Claim 3-2, states and alleges as follows:

1. On April 7, 2023, the Debtor filed an Objection to the Claim of TD Bank, N.A., successor in interest to TD Auto Finance LLC (hereinafter "TD"). On June 20, 2023, the Debtor filed an Amended Objection to the Claim. On June 27, 2023, TD filed its Response to the Amended Objection. On July 12, 2023, TD filed a second Response to the Amended Objection.

2. During December of 2020, Debtor notified the creditor, that he no longer could keep his 2019 Chevrolet Silverado 1500 (hereinafter "Vehicle").  In January of 2021, Armor towed the Vehicle to a storage area, sent two Notices of Abandoned Vehicle and Notice of Sale to TD and Debtor, and thereafter sold the Vehicle at an auction and retained all $8000 of those proceeds.  In May of 2021, TD issued the Debtor a 1099-C, Cancelation of Debt in the amount of $55,017.43 for the Vehicle.  After Debtor filed his bankruptcy petition in January of 2023, TD filed a Proof of Claim, Claim 3-2, for a total claim of $63,936.90.  In April of 2023, TD issued a second 1099-C in the amount of $55,017.43, stating that the first 1099-C

was issued in error. The amount of $63,936.90 in Claim 3-2 is the subject of Debtor's Reply to TD's Response.

3. TD now asserts Armor sent the notices to a TD payment center and the payment center did not reliably or timely forward the notices on to someone who could take appropriate action. TD claims that its own failure to properly route mail sent to its own address, whether payment address or otherwise, is not sufficient service to TD.

4. Based on information and belief, Armor's notices comported with the notice requirements under Illinois law, because, prior to the sale of a vehicle at an auction, notification under Section 9 -- 504(3) has been found to be reasonable when merely sent by certified letter to a recipient's last known place of business. There is no requirement that the sender prove actual receipt of the letter by the recipient. *LaGrange Bank & Trust Company et. al v. Ramona Rodrigues et al.*, 137 Ill. App. 3d 1009, 485 N.E.2d 394, 92 Ill. Dec. 583, 42 U.C.C. Rep. Serv. (Callaghan) 799, October 21, 1985; *Tauber, d/b/a Adwest Motors v. Johnson et al.,* 8 Ill. App. 3d 789, 291 N.E.2d 180, 11 U.C.C. Rep. Serv. (Callaghan) 1106, November 22, 1972; *Elm Buick Co., Inc. v. Moore,* 150 Conn. 631, 192 A.2d 638, June 6, 1963.

5. The two notices sent to TD in January and February of 2021, were pursuant to Armor's title search for Barth's Vehicle "to learn registration information for the Vehicle." A copy of Defendant Armor's Recovery Solutions d/b/a DAT's Towing Answer and Affirmative Defenses to Verified Complaint is attached as Exhibit A.

6. The following address located on the Vehicle's title was used by Armor to send the notices. TD Auto Finance, PO Box 675, Wilmington, OH 45177 the address where TD employees received and signed for the notices sent by certified mail. A copy of the Title is attached as Exhibit B.

7. TD does not dispute that they received the two notices of February 3, 2021 and on February 12, 2021. However, TD did not attempt to or offer to take possession of the Vehicle from the date they first received the Notice of Abandoned Vehicle on February 3, 2021, until the vehicle was sold on or after February 19, 2021.

8. Based on the cumulative rights provisions for creditors under the UCC, TD now asserts an absolute right to the entire $63,936.90, $55,697.63 of which it once forgave.

9. However, an injured party must mitigate its damages, because "an injured party is not allowed to recover from a wrongdoer those damages which the party should have foreseen and 'could have avoided without undue risk, burden or humiliation.'" *See Slovick v. All American Bank,* 163 Ill. App. 3d 741*, First District, First Division, November 30, 1987, No. 86-1445; *citing* (Restatement [Second] of Contracts sec. 350(1) (1981); *See also* J. Calamari & J. Perillo, Contracts sec. 14-15 at 538 (2d ed. 1977)." 123 Ill. App. 3d at 921, 463 N.E.2d at 901.

10. Mitigation requires that TD must use all reasonable means to minimize damages. *See, e.g.: Federal Deposit Insurance Corp. v. Republic Title Co.*, Case No. 10 C 6242 (N.D. Ill. Apr. 20, 2011) *citing Harmon Ins. Agency, Inc. v. Thorson,* 226 Ill. App. 3d 1050, (Ill. App. 3d Dist. 1992).

11. TD was on notice by the towing company that the Vehicle would be sold and did nothing to prevent the sale or to regain possession of the Vehicle. The sale of the Vehicle at an auction for less than the Kelly Blue Book value was foreseeable and regaining possession of the Vehicle by TD was reasonable.

12. TD filed an action against Armor and Debtor in State court, an issue also raised by TD in TD's Response. Debtor does not dispute that this action is stayed during the pendency of the

bankruptcy case.  If or when the stay is lifted, and if TD prevails, TD could, in part, receive the difference between the $8000 sale price of the Vehicle obtained at auction less towing and storage charges.  But, TD is asking this Court to assign those funds as a debt to Debtor as well, thereby potentially and unjustly enriching TD.

13. For the forgoing reasons set forth above, Debtor respectfully requests this Honorable Court to sustain Debtor's objection to claim 3-2 filed by TD.

WHEREFORE, Debtor, Jason J. Barth, prays that this Honorable Court enter an Order disallowing claim 3-2 filed by TD Bank, N.A., successor in interest to TD Auto Finance LLC and for such other and further relief as this Honorable Court deems proper.

Respectfully Submitted,

Dated:  July 26, 2023

By:_____/s/ David H. Cutler
One of the attorneys for the Debtor

Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600